IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FCA US LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | No. 24-cv-03759<br><br>Judge John F. Kness |

**ORDER**

All remaining Defendants except Shinny Mermaid (addressed below) have failed either to plead or to otherwise appear to defend against this action. For this reason, the Court previously entered default against all remaining Defendants (except Shinny Mermaid). (*See* Dkt. 72.) Plaintiff has served notice of default on those Defendants. (Dkt. 73.) Accordingly, Plaintiff's motion (Dkt. 68) seeking a default judgment is granted, and a default judgment is now entered against all remaining Defendants (except Shinny Mermaid) under Rule 55(b) of the Federal Rules of Civil Procedure.

Because Defendants directly target their business activities toward consumers in the United States, including Illinois, this Court has personal jurisdiction over Defendants. *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016). Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase infringing products. *See*, *e.g.*, Dkt. 15. In addition, based on the evidence previously submitted by Plaintiff and the admission of liability by virtue of the default, Plaintiff has established that a permanent injunction is warranted. The infringement of Plaintiff's marks irreparably harms Plaintiff and confuses the public.

Defendants' infringement was willful, and statutory damages are thus awarded. After considering the nature of the products, the price point, the absence of any concrete evidence of lost profits or high-volume infringement by Defendants (Plaintiff has sought an accounting of profits), the value of Plaintiff's brands, and the need to deter infringement that is easily committed and difficult to stop, the Court finds that $100,000 per distinct Defendant is an appropriate award of statutory

damages under 15 U.S.C. § 1117(c)(2) for Defendants' willful use of counterfeit trademarks. See separate judgment order.

As to Defendant Shinny Mermaid, the Court grants its motion to dismiss. (Dkt. 43.) Shinny Mermaid persuasively argues that, at least based on the pleadings, it was improperly joined, and the complaint fails to state a viable claim. (Dkt. 44 at 6, 10.) Both issues are intertwined, and the Court takes them in reverse order. The complaint asserts infringement of more than 90 trademarks by 123 Defendants. (*See* Dkt. 1, 2.) Although some of these Defendants no longer remain in the case, the pleading issue is glaring: the Complaint does not put Shinny Mermaid on notice about *which* mark it is alleged to have infringed. It is axiomatic that a complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). Plaintiff does not meet this low standard because there is no story or narrative as to Shinny Mermaid. For this reason alone, dismissal without prejudice for failure to state a claim is warranted.

For the same reason, joinder is improper. Under Rule 20 of the Federal Rules of Civil Procedure, Defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(B). Courts "generally find that claims against different defendants ar[ise] out of the same transaction or occurrence only if there is a 'logical relationship between the separate causes of action.' " *Estee Lauder Cosmetics Ltd. v. Sched. A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)). Plaintiff bears the burden to demonstrate that joinder is proper, and claims "have a logical relationship when there is a 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.' " *Id.* (quoting *EMC*, 677 F.3d at 1358). If a court finds that joinder is not proper, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Plaintiff fails to demonstrate the propriety of joinder. Plaintiff states that, "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences." (Dkt. 1 ¶ 25.) But Plaintiff does not identify a common transaction or occurrence. There is no explanation as to how any of these Defendants are related to one another. That 90 trademarks are allegedly being infringed by 123 Defendants compounds the problem,

and the Court cannot accept Plaintiff's conclusory allegation that joinder is satisfied. Accordingly, and in the alternative, the complaint is dismissed without prejudice as to Defendant Shinny Mermaid based on the misjoinder of that Defendant.[1] Based on this ruling, Plaintiff's motion to stay briefing schedule and for leave to sever Shinny Mermaid (Dkt. 58) is dismissed as moot. Plaintiff's pending motion seeking a preliminary injunction (Dkt. 32) and motion to compel (Dkt. 51) are likewise dismissed as moot. Civil case terminated.

SO ORDERED in No. 24-cv-03759.

Date: March 27, 2025

JOHN F. KNESS
United States District Judge

---

[1] To "drop" a party under Rule 21 appears synonymous with dismissal, which in this case is without prejudice. *See Walker v. Brookhart*, No. 22-CV-01162-SPM, 2024 WL 1367341, at *3 (S.D. Ill. Apr. 1, 2024) ("Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants."); *Fin. Resources Fed. Credit Union v. Diebold, Inc.*, No. 5:21-CV-00219, 2021 WL 4270077, at *1 (N.D. Ohio Apr. 29, 2021) ("Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice.")